## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CLAYTON T. MERRITT, *on behalf of himself and those similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:24-cv-01458-MTS |
| TARGET CORPORATION, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiff Clayton T. Merritt filed this putative class action against Defendant Target Corporation ("Target") alleging claims under the Missouri Merchandising Practices Act ("MMPA") and breaches of express and implied warranties based on his purchase of a thirty-dollar bookcase from one of Target's stores. This matter is now before the Court on Target's Motion to Dismiss, Doc. [11]; *see also* Fed. R. Civ. P. 12(b)(6), which the Court will grant in part and deny in part. Because it was not per se unreasonable for Plaintiff to have relied on the Target employee's misrepresentations about the bookcase, Plaintiff has stated a plausible MMPA claim. The Court will dismiss Plaintiff's warranty claims, though, because he failed to provide pre-suit notice to Target.

**I.   Background**

Hoping to find something on which to store his vinyl record player and vinyl records, Plaintiff went to a Target store in search of a shelf. He asked a store employee whether Target sold any shelves that could store his items, and the "employee indicated

that, yes, Target sold such a shelf," directing Plaintiff toward the Room Essentials 3-Shelf Bookcase. Doc. [7] ¶ 8. The employee again assured Plaintiff that this bookcase would be suitable for the particular purpose he had in mind—i.e., using the bookcase to store his record player and vinyl records. *Id.* ¶ 9. Plaintiff bought the Room Essentials 3-Shelf Bookcase for about thirty dollars, took it home, and assembled it. Once assembled, Plaintiff discovered, to his horror, that the bookcase's narrow depth was more suited to fit books than his record player, which would not fit on the bookcase's shelves. Although similarly dissatisfied customers might have inquired about exchanging or returning the item, Plaintiff instead enlisted the help of an attorney and turned to litigation. He filed this action in the Circuit Court of the City of St. Louis asserting claims under the MMPA and for breaches of warranty. Target removed the action to this Court, invoking diversity jurisdiction under the Class Action Fairness Act, and Target now seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.   Standard

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to adequately plead, Rule 12(b)(6) allows a defendant to move to dismiss a claim for relief that "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The factual content of the plaintiff's allegations must "allow[ ] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept factual allegations within the complaint as true at the motion to dismiss stage, courts are not bound to take as true "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 677–78; *accord Twombly*, 550 U.S. at 555. Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

#### a. Missouri Merchandising Practices Act

The MMPA requires a plaintiff to prove that he (1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and that he (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the Merchandising Practices Act. *See* Mo. Rev. Stat. § 407.025; *see also* Mo. Approved

Jury Instr. (Civil) 39.02 (8th ed.).  In 2020, Missouri's General Assembly enacted additional requirements for an MMPA claim, focusing mainly on the overall reasonableness of the matter.  *See Bell v. Annie's, Inc.*, 673 F. Supp. 3d 993, 998 (E.D. Mo. 2023) (citing Act of July 01, 2020, 2020 Mo. Laws 763, 765 (codified as amended at Mo. Rev. Stat. § 407.025.1)).  A plaintiff now must show that he acted as a reasonable consumer would in light of all circumstances and that the unlawful method, act, or practice would cause a reasonable person to enter into the transaction that resulted in damages.  *Id.*[1]

      The parties have not cited, and the Court has not located, any published opinion from a Missouri state court that has had the opportunity to apply the relatively new reasonableness criteria in MMPA cases.  When a state's supreme court has not spoken on an issue, a federal court applying state substantive law must predict how the state's supreme court would decide the issue by considering relevant state precedent, analogous decisions, considered dicta, and any other reliable data.  *See Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023).  Thus, this Court must predict how the Supreme Court of Missouri would apply this substantive law.  Fortunately, the slate is far from blank.  Numerous cases from multiple judges of this Court have applied these reasonableness requirements in MMPA cases.  *See, e.g.*, *Abbott v. Golden Grain Co.*, 677 F. Supp. 3d 940, 949–50 (E.D. Mo. 2023); *Dedloff v. Whole Foods Mkt. Grp.*, 688 F. Supp. 3d 893, 901–02 (E.D. Mo. 2023); *Waller v. Costco Wholesale Corp.*, 4:24-cv-1169-SRW, 2024 WL

---

[1] Additionally, a plaintiff must show that he suffered individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.  *Bell*, 673 F. Supp. 3d at 998.

4542258, at *4–5 (E.D. Mo. Oct. 22, 2024); *see also, e.g.*, *Bell*, 673 F. Supp. 3d at 998–1002.

Target's Motion seeks dismissal of Plaintiff's MMPA claim via several sound arguments regarding what a reasonable consumer would have done in light of the circumstances. Target points out that the bookcase's packaging specifically noted that the bookcase had a depth of 9 $^{7}/_{16}$ inches or 23.9 centimeters and contained a diagram of those dimensions. In the usual case, this disclosure would be fatal to Plaintiff's claim because "reasonable consumers read product labels and packaging," *Bell*, 673 F. Supp. 3d at 999, and are "capable of coherent and reality-based thinking" regarding what they read, *see Reasonable*, Black's Law Dictionary (12th ed. 2024). *Cf. Blackwell v. J. J. Newberry Co.*, 156 S.W.2d 14, 18 (Mo. Ct. App. 1941) ("The ordinarily prudent person must be presumed to possess those qualities of attention and perception that are universally possessed by mankind in general.").[2] But Target almost entirely glosses over a key circumstance here, one the Court views as dispositive for purposes of the present motion: Plaintiff's allegations

---

[2] Plaintiff makes much of the fact that the bookcase's box shows an image of a bookcase with *a* record player sitting on it. But that does not make it reasonable for him to assume that *his* record player would fit on this bookcase, especially since the box provided the bookcase's dimensions multiple times. When packaging's appearance is ambiguous such that it might suggest that something *could* be the case, a reasonable consumer would review the details of the packaging. *See Bell*, 673 F. Supp. 3d at 1000–01 (finding consumer's expectation of a larger quantity of fruit snacks based on a box's appearance was not reasonable where box clearly stated quantity); *Guerrero v. Henkel Corp.*, 4:24-cv-0057-SRC, 2024 WL 2769745, at *7 (E.D. Mo. May 30, 2024) (finding "the overall packaging" resolved "any ambiguity" in a representation made on the front label); *Hardy v. Ole Mexican Foods, Inc.*, 616 F. Supp. 3d 247, 252 (W.D.N.Y. 2022) (finding that, despite tortilla package's Spanish phrases, references to the Mexican flag, and use of phrase "A Taste of Mexico!", "a reasonable consumer, acting reasonably under the circumstances, would not be misled as to where the tortillas were manufactured" when the back of the package stated they were "MADE IN U.S.A.").

that one of Target's employees led Plaintiff to the bookcase and assured Plaintiff that the bookcase was fit for the particular purpose of storing his record player and records. Under the MMPA, the Court must consider what was reasonable "in light of *all* circumstances," *see* Mo. Rev. Stat. § 407.025.1 (emphasis added), and Target's briefing simply has not reconciled that reality with the allegations here.

Missouri law is clear on its face that a seller's affirmative misrepresentations or objectively false statements constitute unlawful methods, acts, or practices under the MMPA. *See* Mo. Rev. Stat. § 407.020 (declaring the use or employment of any deception, false pretense, false promise, or misrepresentation to be an unlawful practice). An unambiguously false representation about a product is no less of an unlawful method, act, or practice under the MMPA simply because elsewhere the seller contradicts the representation with the truth. *See State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 636 (Mo. Ct. App. 1988) (noting that "misrepresentations or deceptions" violate the MMPA even when "final sales papers contain no misrepresentation or even correct the prior misrepresentation"); *Wivell v. Wells Fargo Bank, N.A.*, 6:12-cv-3457-DGK, 2015 WL 7259836, at *5 (W.D. Mo. Nov. 17, 2015) (explaining that Missouri courts have held "oral representations that contradict a contemporaneously executed contract are actionable under the MMPA"); *cf. QVC Inc. v. Your Vitamins Inc.*, 439 F. App'x 165, 168 (3d Cir. 2011) ("One cannot escape liability for a literally false claim by pointing to a later disclaimer."). Here, the employee's statements may well have been an honest mistake, but they were nevertheless unlawful as alleged. *See Duncan v. Savannah, LLC*, 637 S.W.3d 633, 643 (Mo. Ct. App. 2021) (noting that "an MMPA claim of misrepresentation lacks a scienter

- 6 -

requirement"); *State ex rel. Webster*, 756 S.W.2d at 635 ("It is the defendant's conduct, not his intent, which determines whether a violation has occurred.").

The question then becomes one of Plaintiff's reasonableness, all things considered. When a seller leads a purchaser to a product and then affirmatively states that the product is $x$ or $y$, it is not, as a matter of law, unreasonable for a purchaser to rely on the seller's representation. And it would be difficult to maintain that it is per se unreasonable under Missouri law for a consumer to decline to review the entire packaging of a product after a seller affirmatively represents something credible to the consumer about the product. *See Judd v. Walker*, 89 S.W. 558, 563 (Mo. Ct. App. 1905) (explaining that when a seller makes false statements of fact, "the falsity of which is not palpable to the purchaser, the purchaser has the undoubted right to rely implicitly upon such statements" and is not "negligent and careless" for "believing and trusting" the seller); *cf. Jackson v. Merz*, 223 S.W.2d 136, 138 (Mo. Ct. App. 1949) ("The law does not require a prudent man to deal with everyone as a rascal."). *But see Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 251 (6th Cir. 2012) (explaining that while salespeople do not have "*carte blanche* to commit fraud" under Kentucky law, a buyer "should be on his guard and verify the seller's statements before purchase").

For example, if a seller had a package of socks that boasted on the front "contains ten pairs" but disclosed on the back that it "actually contained only six pairs," a reasonable consumer should be able to stop at the first unequivocal, definitive, and credible claim. The issue here is reasonableness, so there are, of course, limits. If the Target employee told Plaintiff that this thirty-dollar, big-box store bookcase was made of solid gold or

reclaimed wood from Noah's Ark, surely those statements would not "mislead a reasonable consumer." *See* Mo. Rev. Stat. § 407.025.1.  The Court, though, cannot say it was unreasonable as a matter of law for Plaintiff to rely on the Target employee's unequivocal and definitive assurances that the bookcase would fit Plaintiff's record player.  *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 516 (6th Cir. 1999) (explaining that, under Ohio law, "a purchaser's reliance on a seller's fraudulent misrepresentation may be justified if the representation does not appear unreasonable on its face and if the purchaser has no apparent reason to doubt its veracity").  Nor can the Court say that such a representation would not, as a matter of law, have misled a reasonable consumer and caused Plaintiff to enter into the transaction.[3]

     Given that this ruling is on a motion to dismiss, the Court does not conclude that Plaintiff acted reasonably here in light of all the circumstances; rather, the Court finds only that Plaintiff's allegations do not show that he acted per se unreasonably given the employee's unequivocal, definitive, and credible misrepresentations.  *See Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 109 (Mo. Ct. App. 2004) (explaining that "reasonableness can be determined as a matter of law" but is generally "a question of fact for the jury rather

---

[3] Plaintiff has pleaded enough facts to make it plausible that he has suffered an ascertainable loss here.  True, Missouri law requires a successful MMPA plaintiff to have suffered individual damages "with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty." Mo. Rev. Stat. § 407.025.1(2)(c).  Plaintiff's briefing suggests it may be difficult for him to prove a loss with objective evidence.  *See* Doc. [17] at 4 (arguing, subjectively, that the bookcase was "worthless to plaintiff"); *id.* at 9 (arguing bookcase "was worthless to him").  But, to the extent that *pleading* this evidence is required by Missouri law, it is not required here because the Court "appl[ies] federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint" states a claim.  *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013).

than a question of law for the court"); *cf.* Mo. Rev. Stat. § 407.025.1 ("A court may dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer."). Thus, the Court will deny Target's Motion to dismiss Plaintiff's MMPA claim.

### b. *Warranty Claims*

As to the warranty issues, Target's Motion to Dismiss is well taken. Missouri law requires that, "within a reasonable time after he discovers or should have discovered any breach," a "buyer must notify the seller of breach or be barred from any remedy." Mo. Rev. Stat. § 400.2-607(3)(a). Plaintiff does not dispute that he failed to provide Target notice prior to filing suit. The Supreme Court of Missouri does not seem to have spoken on this issue, but judges of this Court have repeatedly found that Missouri law requires *pre-suit* notice to the seller. *See, e.g.*, *Budach v. NIBCO, Inc.*, 2:14-cv-4324-NKL, 2015 WL 6870145, at *4 (W.D. Mo. Nov. 6, 2015) (Laughrey, J.); *Gillan v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 849 (E.D. Mo. 2019) (Perry, J.); *Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1349 (E.D. Mo. 2020) (Ross, J.); *Abbott*, 677 F. Supp. 3d at 952 (Clark, C.J.). Plaintiff has not persuaded the Court to break with these decisions, which are in line with "[a]n overwhelming number of states." *See Mullins v. Wyatt*, 887 S.W.2d 356, 360 (Ky. 1994) (Stephens, J., dissenting); *id.* at 358 (principal opinion) (holding Kentucky statute codifying U.C.C. § 2-607 did not require pre-suit notice but noting that conclusion "depart[s] from the mainstream of American law").

After all, the Missouri Court of Appeals has recognized that one of the "important purposes of the notice requirement is to afford the seller an opportunity to arm himself for

- 9 -

negotiation and litigation." *Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989). Indeed, courts have recognized these purposes for at least a century. *See Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d Cir. 1925) (Hand, J.) (explaining that the purpose of the Uniform Sales Act provision that preceded and corresponds to U.C.C. § 2-607 was "to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning"). Like this Court has found in past decisions—some authored by those who had themselves served on the Supreme Court of Missouri—the undersigned predicts that the Supreme Court of Missouri would find that the statute requires pre-suit notice. *See Guerrero v. PIM Brands, Inc.*, 4:23-cv-0690-RLW, 2024 WL 3338843, at *5 (E.D. Mo. July 9, 2024) (White, J.); *May v. Makita U.S.A., Inc.*, 1:22-cv-0079-SNLJ, 2023 WL 3619354, at *7 (E.D. Mo. May 24, 2023) (Limbaugh, J.). For this reason, the Court will grant Target's Motion in this respect and dismiss Plaintiff's warranty claims.

## IV.   Conclusion

As explained herein, the Court concludes that Plaintiff has stated a plausible claim for relief under the Missouri Merchandising Practices Act based on the alleged false statements to Plaintiff by Target's employee. The Court therefore will deny Target's Motion to Dismiss in this regard.[4] But since Plaintiff did not plead—and does not

---

[4] "[I]n modern civil litigation, getting by a motion to dismiss is often the whole ball game because of the cost of discovery." *Cunningham v. Cornell Univ.*, 145 S. Ct. 1020, 1033 (2025) (Alito, J., concurring). The Court therefore will state explicitly what should be implicit in the above. *Cf.* Fed. R. Civ. P. 1 (providing that the Rules should be construed, administered, and employed "to secure the just, speedy, and inexpensive determination of every action and proceeding"). Given that Plaintiff's claim hinges on a distinctive fact—the specific representations Target's employee

- 10 -

maintain—that he provided Target with pre-suit notice, the Court will grant Target's Motion as to Plaintiff's warranty claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Target Corporation's Motion to Dismiss, Doc. [11], is **GRANTED** in part and **DENIED** in part as described herein.

Dated this 23rd day of May 2025.

                                               MATTHEW T. SCHELP
                                               UNITED STATES DISTRICT JUDGE

---

made to Plaintiff—it is nearly impossible to imagine that Plaintiff could establish the numerosity and typicality prerequisites of Rule 23. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 467 (2016) (Thomas, J., dissenting) ("Our precedents generally prohibit plaintiffs from maintaining a class action when an important element of liability depends on facts that vary among individual class members."). The parties, of course, remain free to make any arguments to the contrary, provided they fall within the strictures of Federal Rule of Civil Procedure 11(b).